**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SIDNEY C. NELSON** **PLAINTIFF**

**V.** **NO. 4:25-CV-111-DMB-RP**

**BRENETTA A. HOSKINS** **DEFENDANT**

**AMENDED ORDER DENYING**
**IN FORMA PAUPERIS APPEAL**

On July 14, 2025, Sidney C. Nelson filed a pro se complaint in the United States District Court for the Northern District of Mississippi, asserting "a 42 U.S.C. § 1983 claim alleging that the Administrative Remedy Program (ARP) Team Leader, Brenetta A. Hoskins, denied him of his constitutional rights to equal protection under the 8th, and 14th USCA …." Doc. #1 at PageID 3. On August 18, United States Magistrate Judge Roy Percy ordered Nelson to show cause within twenty-one days why his claims should not be dismissed with prejudice. Doc. #8. Nelson filed an untimely response to the show cause order on September 12. Doc. #11. On December 30, over three months later, Nelson filed a pro se notice of appeal stating that he "appeal[s] to the United States Court of Appeals for the Fifth Circuit from the Final Judgment and/or Order of this Court entered in this action on the 12th day of September, 2025." Doc. #13 at PageID 112. The same day, Nelson filed a pro se motion to appeal in forma pauperis. Doc. #14.

Because (1) no judgment or order was entered in this case on September 12, 2025; (2) if Nelson's notice of appeal pertains to the August 18 show cause order, the show cause order is interlocutory[1] and not subject to appeal absent certain exceptions inapplicable here;[2] (3) any

[1] *See Ashley v. Clay Cnty.*, 125 F.4th 654, 659 (5th Cir. 2025) ("As a rule, federal courts generally extend their jurisdiction only to 'final decisions of the district courts.'") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985)).

[2] *See id.* ("The collateral order doctrine … allows federal appellate jurisdiction over cases, that while not ending the litigation, effectively function as final decisions. … To fall within this exception, an order must '(1) conclusively

challenge to a magistrate judge's order on a nondispositive matter must be directed to the district judge;[3] (4) Nelson's appeal is untimely;[4] and (5) even if Nelson could properly appeal a non-interlocutory order directly to the Fifth Circuit Court of Appeals, his appeal raises frivolous issues[5] so is not taken in good faith,[6] Nelson's motion to appeal in forma pauperis [14] is **DENIED**.

Though the Court certifies that Nelson's appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), Nelson may challenge this finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed in forma pauperis on appeal with the Fifth Circuit Court of Appeals within thirty days from the date of this order. If Nelson files a motion to appeal in forma pauperis with the Fifth Circuit, the prison authorities will be directed to collect the fees to file such motion as calculated below:

1. Nelson is assessed an initial partial fee of $0.00. The agency having custody of Nelson shall collect this amount from the trust fund account or institutional equivalent—when

---

determine the disputed question; (2) resolve an issue that is completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment.'") (quoting *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 345 (5th Cir. 2016)).

[3] *See* FED. R. CIV. P. 72(a) ("A party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections ….").

[4] *Id.* Even if the show cause order could be considered final and Nelson could appeal directly to the Fifth Circuit, his appeal still would be untimely. *See* FED. R. APP. P. 4(a)(1)(A) ("In a civil case, … the notice of appeal … must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). Such would be the case even if Nelson complied with the procedural requirements imposed by Federal Rule of Appellate Procedure 4(c) for an inmate confined in an institution, which he has not.

[5] Federal Rule of Appellate Procedure 24(a) provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court," attaching an affidavit that shows the party's inability to pay, claims an entitlement to redress, and states the issues the party intends to present on appeal. FED. R. APP. P. 24(a)(1)(A)-(C). A party seeking to appeal in forma pauperis must show not only that he is unable to pay for costs and fees but that the appeal presents nonfrivolous issues. *Texas v. United States*, 808 F.3d 675, 676 (5th Cir. 2015). Though Nelson's motion appears to indicate he is unable to pay appellate fees and costs, he essentially fails to specify the issues he intends to present on appeal as to the show cause order. For his issues on appeal, he "alleges that his personal property (containing his legal documents (pertaining to trial transcripts and filed motions were lost during transfer (within MSP))." Doc. #14 at PageID 127. But such does not address the specific reasons why Judge Percy ordered him to show cause.

[6] "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

funds are available—and forward it to the clerk of the district court.

2. Thereafter, Nelson shall pay $605.00, the balance of the filing fees, in periodic installments. Nelson must make payments of 20% of the preceding month's income credited to his prison account until he has paid the total filing fees of $605.00. The agency having custody of Nelson shall collect this amount from his trust fund account or institutional equivalent—when funds are available and when permitted by 28 U.S.C. § 1915(b)(2)—and forward it to the clerk of the district court.

3. If Nelson moves to appeal in forma pauperis, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collection and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which Nelson is currently or subsequently confined.

**SO ORDERED**, this 24th day of March, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**